fendant as president of the bank, who refused to transfer the stock because the Plummers were indebted upon other notes discounted by the bank for their accommodation. The assignment to the defendant was made on the 31st of May, 1816. The note which was secured by it fell due on the 21st–24th January, 1817. Jerome Plummer died on the 31st of December, 1816. The assignment by Gerrard, the survivor, was made by a deed of trust duly executed, acknowledged, and recorded, dated the 8th of January. 1817. The tender of the 2,000 dollars by the plaintiffs to the defendant was on the 8th of February, 1817, before which day the other notes which had been discounted by the bank for the accommodation of the Plummers, to the amount of 5,500 dollars, had become payable and were unpaid. The charter was granted March 3d, 1817. By the 4th article of the association, it was declared that, "every stockholder may sell and transfer his stock in the said bank, or any part thereof, at his pleasure, not being less than one complete share or shares, the transfer being made in the bank books in the presence and with the approbation of the proprietor or his lawful attorney." The assignment to the plaintiffs was not made on the books of the bank, but was contained in a general deed of assignment of all the effects of the firm of Jerome & Gerrard Plummer. By the 11th section of the act of congress of the 3d of March, 1817 (3 Stat. 383), which incorporated the bank, it is enacted that the shares shall be transferable only on the books of the bank; but all debts actually due and payable to the bank (days of grace for payment being passed), by a stockholder requesting a transfer, must be satisfied before such transfer shall be made, until the president and directors shall direct to the contrary.

These facts being found by a special verdict. the case was argued by Mr. Taylor, for plaintiffs, and Mr. Swann, for defendant.

THE COURT at November term, 1820 (THRUSTON, Circuit Judge, absent), rendered judgment on the special verdict for the plaintiff, observing that the rights of all the parties were fixed before the charter, and that until the charter the bank had no general lien on the stock of individual stockholders.

---

NEALE (JONES v.). See Case No. 7,483.

NEALE (LEONARD v.). See Case No. 8,259.

---

### Case No. 10,070.

NEALE v. MINIFIE.

[2 Cranch. C. C. 16.] [1]

Circuit Court, District of Columbia. Dec. Term, 1810.

FALSE IMPRISONMENT—JUSTICE OF PEACE—MALICE.

A justice of the peace is not liable in an action of false imprisonment under an illegal warrant issued by him, unless it be issued maliciously.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

This was a motion for a new trial on the ground of misdirection of the jury, by the court, at the last term, in instructing the jury that it was not necessary for the plaintiff to prove malice, in an action against the defendant, a justice of the peace, for false imprisonment, the justice having committed the plaintiff for profane swearing, and making a disturbance in the market.

THE COURT (nem. con.) granted the new trial, being satisfied that a justice of the peace is not liable in an action for false imprisonment, for issuing an illegal warrant on which the plaintiff is imprisoned; unless it be done maliciously.

---

### Case No. 10,071.

NEALE v. PEYTON.

[2 Cranch. C. C. 313.] [1]

Circuit Court, District of Columbia. May Term, 1822.

NOTES — INDORSEMENT — DEMAND ON MAKER — WHEN TO BE MADE—INSOLVENCY OF MAKER.

Demand of payment on the 5th of July, of a note due on the 1st–4th of July, is too late to charge the indorser, and the insolvency of the maker will not excuse the delay.

Assumpsit against the indorser of a promissory note. The note was put into the Bank of Potomac for collection, and fell due on the 1st–4th of July. The note was not given out, and no demand of payment was made on the maker of the note until the 5th of July. The maker was insolvent.

THE COURT (THRUSTON, Circuit Judge, absent,) said it was too late, and that the insolvency of the maker did not excuse the delay.

---

NEALE (QUEEN v.). See Case No. 11,504.

NEALE (UNITED STATES v.). See Case No. 15,859.

---

### Case No. 10,072.

NEALE v. WALKER.

[1 Cranch. C. C. 57.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

PLEADING AT LAW—GENERAL ISSUE—STATUTE OF LIMITATIONS.

The defendant cannot avail himself of the statute of limitations upon the general issue.

Assumpsit for goods sold and delivered. Issue non assumpsit.

Mr. Simms, for defendant, contended that under the act of Virginia of 1793, § 9 (Rev. Code, p. 115), every article which appeared in the plaintiff's account to be charged more than one year before the action brought, ought to be rejected by the jury; upon which Mr. Taylor, for plaintiff, moved the court to instruct the jury that they were not to re-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]